**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO MIRAMONTES, | ) NO. ED CV 15-1115-JFW(E) |
| Plaintiff, | ) |
| v. | ) ORDER TO SHOW CAUSE |
| L. GOWER, et al., | ) |
| Defendants. | ) |

On June 9, 2015, Plaintiff, a state prisoner presently incarcerated at the California Rehabilitation Center at Norco, California, filed: (1) a civil rights Complaint pursuant to 42 U.S.C. section 1983; and (2) a "Motion for Relief from Government Code section 945.4, etc." Plaintiff's claims arise out of events commencing when Plaintiff, while incarcerated at the California Correctional Center at Susanville, California ("CCC"), allegedly sought an "Olsen review"[1] of his central prison file. Defendants are a CCC correctional counselor, a CCC appeals screener, a CCC appeals coordinator, the CCC Chief Deputy Warden, and a California Department

---

[1] See In re Olson, 37 Cal. App. 3d 783, 112 Cal. Rptr. 579 (1974).

of Corrections and Rehabilitation Appeals Examiner allegedly located in Sacramento, California.

Susanville is a city in Lassen County, California, which is located within the Eastern District of California. See Pamer v. Schwarzenegger, 2007 WL 2600726 (N.D. Cal. Sept. 10, 2007); 28 U.S.C. § 84(b). Sacramento is a city in Sacramento County, California, which is also located within the Eastern District of California. See Vera v. Director of CDCR, 2013 WL 5705599 (S.D. Cal. Oct. 18, 2013); 28 U.S.C. § 84(b).

Section 1391(b) of Title 28, United States Code, provides:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

1    Here, it appears that all Defendants reside in the Eastern
2 District of California, and that the events or omissions giving rise
3 to Plaintiff's purported claims allegedly occurred within the Eastern
4 District of California.  Therefore, venue appears improper in the
5 Central District of California.

7    Section 1406(a) of Title 28, United States Code, provides:

9        The district court of a district in which is filed a case
10       laying venue in the wrong division or district shall
11       dismiss, or if it be in the interest of justice, transfer
12       such case to any district or division in which it could have
13       been brought.

15   This Court has the power to decide the venue issue on its own
16 motion and to dismiss or transfer the action before a responsive
17 pleading is filed.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th
18 Cir. 1986).

20   Within thirty (30) days of the date of this Order, Plaintiff
21 shall show cause in writing, if any there be, why this action should
22 not be transferred to the United States District Court for the Eastern
23 District of California on the ground that venue is improper in the
24 ///
25 ///
26 ///
27 ///
28 ///

Central District of California. Failure timely to respond to this Order to Show Cause may result in the transfer of the action.[2]

DATED: June 17, 2015.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not rule on Plaintiff's "Motion for Relief, etc." unless and until the Court determines that venue is proper in this District.