UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MIRAMONTES, | No. 2:15-cv-1544 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| L GOWER, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

     Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff's remaining claims arise under the First Amendment of the United States Constitution and California's Constitution against defendant Herrera (defendant). Plaintiff claims that on January 6, 2014, while he was an inmate at the California Correctional Center (CCC) in Susanville, defendant Herrera threatened plaintiff with a transfer to a more restrictive prison in retaliation for plaintiff's use of the inmate grievance process. Defendant argues in a motion for summary judgment that plaintiff's claim arising under the First Amendment should be dismissed for failure to exhaust administrative remedies.

     Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Administrative procedures generally are exhausted with respect to the California prisoner grievance process once

1

the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR). Cal. Code Regs. tit. 15, § 3084.7.

The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (20016). In order to "properly exhaust" administrative remedies the prisoner must generally comply with the prison's procedural rules throughout the administrative process. Jones v. Bock, 218 U.S. 199, 218 (2006).

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

There is no dispute that plaintiff did not utilize the inmate grievance process with respect to his claims against defendant which remains in this action. Plaintiff asserts the exhaustion requirement should be waived with respect to his First Amendment claim, however, because plaintiff feared retaliation from defendant if plaintiff filed a grievance against him.

In McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015), the Ninth Circuit held that a threat of retaliatory action by a prison official would render a prison grievance system unavailable so as to excuse a prisoner's failure to exhaust administrative remedies if the following conditions are met:

> 1. The threat of retaliation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and
>
> 2. The threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

Here, plaintiff essentially alleges defendant Captain Herrera told plaintiff he did not "tolerate" accusations made against other correctional officers via the inmate grievance process at CCC. Defendant then asked plaintiff "[y]ou know what happens to snitches in prison?" Finally, defendant told plaintiff "maybe I should move you to Lassen . . . for your own safety."

/////

According to plaintiff, "Lassen is a level III facility with a Segregation Housing Unit (SHU) also known as the hole."

In his complaint, plaintiff alleges, under the penalty of perjury, that he did not utilize the inmate grievance process with respect to defendant's actions because he feared further retaliation. Defendant fails to present any evidence, such as other grievances filed by plaintiff against or involving defendant after the events described above, which would undermine plaintiff's asserted fear of retaliation from him.  The court finds these facts establish a genuine issue of material fact as to whether plaintiff actually was threatened with retaliation for further use of the inmate grievance process and whether that actually stopped plaintiff from filing a grievance concerning the actions of defendant at issue in this action.

Further, the threats by defendant alleged by plaintiff in his complaint are clear enough that, for purposes of defendant's motion for summary judgment, a reasonable inmate would be deterred from submitting a grievance against or involving defendant for fear that he might make good on his retaliatory threat.

For these reasons, defendant is not entitled to summary judgment with respect to his failure to exhaust argument.

Under Albino, the court is permitted to resolve material issues of fact as they pertain to exhaustion of administrative remedies.  Albino, 747 F.3d at 1170-1171.  If defendant wishes the court to conduct an evidentiary hearing to resolve whether plaintiff was actually threatened with retaliation for further use of the inmate grievance process and whether that actually stopped plaintiff from filing a grievance concerning the actions of defendant which form the basis of plaintiff's remaining First Amendment Claim, defendant shall so request no later than 14 days after adoption of the findings and recommendations herein.  If defendant fails to request an evidentiary hearing within that time period, any remaining argument defendant might have as to plaintiff's failure to exhaust administrative remedies will be deemed waived.[1]

---

[1] Facts material to the question of whether a plaintiff failed to exhaust available administrative remedies prior to bringing suit "should be decided at the very beginning of litigation."  Id. at 1171.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 25, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] mira1544.exh