UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MIRAMONTES,<br><br>                    Plaintiff,<br><br>          v.<br><br>L GOWER, et al.,<br><br>                    Defendants. | No.  2:15-cv-1544 JAM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff's remaining claims arise under the First Amendment of the United States Constitution and California's Constitution against defendant Herrera (defendant). Plaintiff claims that on January 6, 2014, while he was an inmate at the California Correctional Center (CCC) in Susanville, and during a meeting concerning an inmate grievance filed by plaintiff regarding access to his prison records, defendant Herrera threatened plaintiff with a transfer to a more restrictive prison in retaliation for plaintiff's use of the inmate grievance process.

On May 20, 2016, defendant filed a motion for summary judgment arguing that plaintiff's claim arising under the First Amendment should be dismissed for failure to exhaust administrative remedies with respect to that claim. The motion was denied on August 31, 2016 as the court found there was at least a genuine issue of material fact as to whether a threat of

/////

1

retaliatory action by defendant Herrera rendered the grievance system unavailable at CCC so as to excuse plaintiff's failure to exhaust administrative remedies.

In the court's ruling, the court informed defendant that under Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014), the court is permitted to resolve material issues of fact as they pertain to exhaustion of administrative remedies and if defendant wished that the court do so, defendant should request an evidentiary hearing. Defendant did request an evidentiary hearing, and the hearing was held on January 9, 2017.

I.   Analysis

In McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015), the Ninth Circuit held that a threat of retaliatory action by a prison official would render a prison grievance system unavailable so as to excuse a prisoner's failure to exhaust administrative remedies if the following conditions are met:

> 1. The threat of retaliation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and
>
> 2. The threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

Here, plaintiff alleges in his complaint that defendant told plaintiff during a meeting on January 6, 2014 that he did not "tolerate" accusations made against other correctional officers via the inmate grievance process at CCC. Defendant then asked plaintiff "[y]ou know what happens to snitches in prison?" Finally, defendant told plaintiff "maybe I should move you to Lassen . . . for your own safety." According to plaintiff, "Lassen is a level III facility with a Segregation Housing Unit (SHU) also known as the hole."

At the evidentiary hearing, plaintiff reiterated his allegations and the following matters of note were presented:

1. Plaintiff reiterated that he never filed a prisoner grievance while at CCC concerning the allegedly retaliatory acts of defendant because plaintiff feared further retaliation from defendant. RT at 8.

2

2. Plaintiff admitted there are no documents confirming that he had a meeting with defendant on January 6, 2014. RT 11.

3. CCC Appeals Coordinator Michael Riley testified when a member of "custody staff," such as defendant, is named in a grievance, that person is not involved in reviewing or processing the grievance in order to maintain the "validity" of the process. RT 19-20.

4. Plaintiff did not submit any grievances at CCC after January 6, 2014 (RT 22). Plaintiff was transferred to the California Rehabilitation Center (CRC) in Norco in March, 2014.[1] RT 13.

5. Correctional Counselor Lovetta Gower testified that she was not present at a meeting with plaintiff and defendant on January 6, 2014 (RT 26-27) despite plaintiff's assertion that she was at the meeting where defendant allegedly threatened plaintiff with transfer. RT 7. Ms. Gower also testified that she is not aware of any documentation that the meeting took place. RT 27.

6. Defendant Herrera testified that he did not participate in a meeting with plaintiff on January 6, 2014, and he was not involved with the processing of inmate appeals at that time. RT 32-33.

After considering the evidence and the arguments of the parties, the court finds it more likely than not that the January 6, 2014 meeting described by plaintiff never occurred. The only evidence of the meeting is plaintiff's testimony; there is no documentary corroboration and two of the three other people who plaintiff claims were at the meeting, including defendant, assert the meeting never occurred (the third person plaintiff claims was at the meeting did not testify). Additionally, the fact that plaintiff never filed a grievance concerning defendant's alleged conduct is evidence the January 6 meeting never occurred. Furthermore, the allegation that defendant threatened to have plaintiff transferred to segregated housing in retaliation for plaintiff pursuing a prisoner grievance concerning access to his prisoner records seems far-fetched, especially considering that there is no evidence before the court suggesting defendant had animus toward plaintiff prior to January 6, 2014.

---

[1] Notably, plaintiff was not transferred to Lassen, as defendant Herrera had allegedly threatened.

3

       Finally, even if the court found that a meeting did take place on January 6, 2014 and what occurred at that meeting is as plaintiff describes, defendant is still entitled to summary judgment. In his testimony, plaintiff admits that once he transferred to CRC in March, 2014, it was no longer fear of retaliation that caused him not to file a grievance concerning the acts comprising plaintiff's remaining claim against defendant. Rather, plaintiff asserts he did not file a grievance because he believed the deadline for filing a grievance has passed. RT 8. Under Cal. Code Regs. tit., 15 § 3084.8 inmates generally have 30 days from the occurrence of the event being grieved to file their grievance. However, a grievance can only be cancelled as untimely as long as a showing has been made that the prisoner had the opportunity to submit the grievance within the time limits. Cal. Code Regs. tit., 15 § 3084.6(c)(4). Once plaintiff got to CRC he had the ability to submit his grievance and at least attempt to explain that he did not have the opportunity to submit the grievance in a timely fashion without fear of reprisal. While it is not clear that the reviewing officer at CRC would have waived the time requirement, plaintiff's attempt would at least have provided the court with some corroborating evidence of plaintiff's version of events. Based on the record before the court now, however, the court cannot conclude that the grievance process was "unavailable" to plaintiff, and thus excuse his compliance with the grievance process.

       For these reasons, plaintiff's remaining First Amendment claim should be dismissed for failure to exhaust available administrative remedies prior to filing suit.

       The court has supplemental jurisdiction over plaintiff's remaining California law claim pursuant to 28 U.S.C. § 1367. However, when all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims. <u>Carnegie Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988)</u>. Therefore, the court will recommend that plaintiff's California law claim be dismissed without prejudice to filing in state court.

II.    <u>Plain Language Summary for Pro Se Litigants</u>:

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

4

The court does not accept your explanation about why you failed to file a grievance about defendant Herrera's alleged threats to transfer you to another prison. Therefore the court is recommending to the district judge assigned to this case that the motion for summary judgment filed by the defendant on the basis that you failed to exhaust your administrative remedies should be granted. The court is also recommending that your state claim be dismissed in federal court, although you could refile the claim in state court. You have fourteen days to file any objections to these findings and recommendations.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's remaining First Amendment claim be dismissed for failure to exhaust available administrative remedies prior to filing suit;

2. Plaintiff's claim arising under California's Constitution be dismissed without prejudice to filing in state court; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 18, 2017

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mira1544.oeh